# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## EASTERN DISTRICT OF TENNESSEE

In re

Case No.  07-33959

CAROL YEARWOOD STOOKSBURY

Debtor

CAROL YEARWOOD STOOKSBURY

Plaintiff

v.                                                      Adv. Proc. No. 08-3012

FSG BANK, NA

Defendant

## MEMORANDUM ON
## DEFENDANT'S MOTION TO DISMISS

**APPEARANCES:**    BONDS, BOTES & LAWSON, P.C.
    Cynthia T. Lawson, Esq.
    5418 Clinton Highway
    Knoxville, Tennessee  37912
    Attorneys for Debtor/Plaintiff

    HODGES, DOUGHTY & CARSON
    Thomas H. Dickenson, Esq.
    Matthew A. Birdwell, Esq.
    Post Office Box 869
    Knoxville, Tennessee 37901-0869
    Attorneys for Defendant

**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

This adversary proceeding is before the court upon the Complaint Seeking Damages in Core

Adversary Proceeding (Complaint) filed by the Plaintiff on January 16, 2008, asking the court to

assess damages against the Defendant for willfully filing a false proof of claim, violating the

discharge injunction, and violating the Fair Credit Reporting Act.[1]  On February 25, 2008, the

Defendant filed the Motion of Defendant FSG Bank to Dismiss Plaintiff's Complaint For Failure to

State a Claim Upon Which Relief Can Be Granted (Motion to Dismiss), to which the Plaintiff filed

her Response of Plaintiff to Defendant's Motion to Dismiss Complaint For Failure to State a Claim

Upon Which Relief Can Be Granted (Response) on March 13, 2008.  The Defendant then filed a

Reply to the Plaintiff's Response on March 19, 2008, which is not authorized by the Eastern District

of Tennessee Local Bankruptcy Rules and was not considered.

This is a core proceeding.  28 U.S.C. § 157(b)(2)(A), (B), (O) (2005).

**I**

On March 27, 2003, the Debtor executed a Note, Disclosure, and Security Agreement (Note)

with the Defendant in the amount of $21,860.78, which was renewed on October 23, 2003, in the

amount of $20,047.27.  The Debtor filed a Voluntary Petition under Chapter 7 commencing case

number 04-35827 on November 4, 2004, and received a discharge of her debts, including that of the

Defendant, on February 28, 2005.  She then filed the Voluntary Petition commencing her current

Chapter 13 bankruptcy case on November 16, 2007, listing the Defendant at Schedule F as a

---

[1] The Complaint is captioned for filing "In the United States Bankruptcy Court For the Northern District of
Alabama Southern Division" and erroneously recites in the opening paragraph that the Plaintiff is appearing through her
counsel, "Bond, Botes, Reese and Shinn, P.C."  The Plaintiff is, in fact, represented by Attorney Cynthia T. Lawson, who
signed the Complaint of counsel with the Knoxville Law Firm of Bond, Botes & Lawson, P.C.

nonpriority unsecured creditor for "Notification Purposes Only/Debt Discharged in Prior C7." The

Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines issued by the clerk on

November 20, 2007, was served on the Defendant, and on December 11, 2007, it filed a Proof of

Claim in the amount of $23,760.23 based upon the Note. The Plaintiff filed this adversary

proceeding on January 16, 2008, and the Defendant subsequently withdrew the claim on January 30,

2008, pursuant to a Notice of Withdrawal of Claim of FSG Bank.

The Defendant filed its Motion to Dismiss on February 25, 2008, stating that the Complaint

does not state a claim upon which relief can be granted because the Bankruptcy Code does not

provide a private, civil cause of action for violation of the discharge injunction or for the filing of

a false claim and the alleged violations of the Fair Credit Reporting Act are not supported by the

facts averred. The Debtor filed her Response on March 13, 2008, stipulating to the dismissal of the

claim under the Fair Credit Reporting Act. Accordingly, the only issues are whether the Complaint

should be dismissed with respect to the counts for filing a false claim and/or violating the discharge

injunction.

**II**

A defendant may move to dismiss a complaint for "failure to state a claim upon which relief

can be granted." FED. R. CIV. P. 12(b)(6) (applicable in adversary proceedings by virtue of Rule

7012(b) of the Federal Rules of Bankruptcy Procedure). When contemplating a motion to dismiss

under Rule 12(b)(6), the court should "construe the complaint in the light most favorable to the

plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a

set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand, C.P.A.*, 272 F.3d 356, 360 (6ᵗʰ Cir. 2001).

Although all factual allegations are accepted as true, the court is not required to accept legal conclusions or unwarranted factual inferences as true. *Mich. Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 533 (6ᵗʰ Cir. 2002).  Instead, the focus should be upon "whether the plaintiff has pleaded a cognizable claim[,]" *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 452 (6ᵗʰ Cir. 2003), and the complaint contains "either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *League of Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6ᵗʰ Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007)).  Additionally, the court should not rely upon any documents other than the pleadings; *Stangel v. I.R.S. (In re Stangel)*, 222 B.R. 289, 291 (Bankr. N.D. Tex. 1998); however, the court may rely upon public records or other documents appropriately encompassed by judicial notice set forth in Federal Rule of Evidence 201.[2]  *New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6ᵗʰ Cir. 2003).

A defendant may, likewise, move to dismiss a complaint that does not meet the requirements set forth in the Federal Rules of Civil Procedure.  Specifically, Rule 9(b) requires that "[i]n alleging fraud . . ., a party must state with particularity the circumstances constituting fraud . . . . Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b) (made applicable to adversary proceedings pursuant to Rule 7009 of the Federal Rules of

---

[2] In its resolution of the Motion to Dismiss, the court takes judicial notice of material undisputed facts of record in the Debtor's bankruptcy case file.  *See* FED. R. EVID. 201.

Bankruptcy Procedure).  "Averments of fraud must be stated with particularity[, and] the threshold

test is whether the complaint places the defendant on 'sufficient notice of the misrepresentation,'

allowing the defendant[] to 'answer, addressing in an informed way plaintiffs [sic] claim of fraud

.'" *In re LTV Steel Co., Inc.*, 288 B.R. 775, 780 (Bankr. N.D. Ohio 2002) (quoting *Coffey v. Foamex*

*L.P.*, 2 F.3d 157, 162 (6th Cir. 1993)) (citation omitted).

In order "to satisfy Federal Rule [of Civil Procedure] 9(b), 'the pleader must state the time,

place and content of the false representation, the fact misrepresented, and what was obtained or given

as a consequence of the fraud.'"  *Hartley v. Elder-Beerman Stores Corp. (In re Elder-Beerman*

*Stores Corp.)*, 222 B.R. 309, 312 (Bankr. S.D. Ohio 1998) (quoting *Bell v. Bell*, 132 F.3d 32, 1997

WL 764483, at *5 (6th Cir. Dec. 3, 1997)).  Pursuant to Rule 8(a) of the Federal Rules of Civil

Procedure, applicable in adversaries pursuant to Rule 7008(a) of the Federal Rules of Bankruptcy

Procedure, these elements need only be pled "with a short and plain statement[;]" *Elder-Beerman*

*Stores Corp.*, 222 B.R. at 312; however, "[t]he failure to identify specific parties, contracts, or

fraudulent acts requires dismissal." *Yuhasz v. Brush Wellman, Inc*., 341 F.3d 559, 564 (6th Cir.

2003).  Moreover, "plaintiffs must allege facts that give rise to a strong inference of fraudulent

intent." *Am. Express Travel Related Servs. Co., Inc. v. Henein*, 257 B.R. 702, 706 (E.D.N.Y. 2001).

"[T]he bald assertion that a party violated a statute, unaccompanied by any description of the conduct

that violated it - gives no notice of the claim, does not comply with Rule 8(a), and does not state a

claim." *Mannheim Auto Fin. Servs., Inc. v. Park (In re Park)*, 314 B.R. 378, 385 (Bankr. N.D. Ill.

2004).

**III**

In Count I of her Complaint, the Debtor avers that, by filing a proof of claim for a discharged debt, the Defendant has "frustrated the discharge order entered in the chapter 7 case and [its] conduct constitutes gross violations of the discharge injunction [of 11 U.S.C. § 524 (2005).]" COMPL. at ¶ 15. For Count II, she alleges that the Defendant filed a false proof of claim when it "undertook no meaningful review procedures to determine if this claim was disqualified for collection before the preparation and filing of the said claim with this court." COMPL. at ¶ 29. For these alleged violations and actions, the Debtor seeks actual damages, punitive damages, and legal fees under 11 U.S.C. § 105(a) (2005). COMPL. at ¶¶ 26, 30.

The court finds that, even taking the Complaint in a light most favorable to the Debtor, she has failed to state a claim upon which relief may be granted, and the Complaint should be dismissed in its entirety.

The Debtor's first count and claim is for violation of the discharge injunction by the Defendant's filing of the proof of claim for $23,760.23 on December 11, 2003, which was based upon a discharged debt. Following her Chapter 7 discharge granted on February 28, 2005, the Debtor was no longer personally liable for any pre-petition debts, including that of the Defendant pursuant to the Note. *See In re Leonard*, 307 B.R. 611, 613 (Bankr. E.D. Tenn. 2004). Entry of the discharge in the Debtor's Chapter 7 case also triggered application of the discharge injunction, which "operates as an injunction against the commencement or continuation of an action, the employment

6

of process, or an act to collect, recover or offset any such debt as a personal liability of the debtor

. . . [.]"  11 U.S.C. § 524(a)(2).

The Sixth Circuit has determined that "§ 524 does not impliedly create a private right of

action." *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 422-23 (6th Cir. 2000).  Instead, "when

a violation of the discharge injunction does occur, a debtor's sole avenue of recourse – and the one

for which is the traditional remedy for a violation of a court order – is to bring an action against the

creditor for contempt."  *In re Perviz*, 302 B.R. 357, 370 (Bankr. N.D. Ohio 2003); *see also Pertuso*,

233 F.3d at 421; *In re Williams*, 291 B.R. 445, 452 (Bankr. E.D. Tenn. 2003).

Contempt actions may be brought pursuant to § 105(a), which imposes upon the court a duty

to uphold the provisions of the Bankruptcy Code by allowing the court to "issue any order, process,

or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C.

§ 105(a) (2005).  And yet, "§ 105(a) is not without limits, may not be used to circumvent the

Bankruptcy Code, and does not create a private cause of action unless it is invoked in connection

with another section of the Bankruptcy Code."  *In re Rose*, 314 B.R. 663, 681 n.11 (Bankr. E.D.

Tenn. 2004) (citations omitted).  Instead, the court may only use § 105(a)'s equitable powers "in

furtherance of the goals of the [Bankruptcy] Code." *Childress v. Middleton Arms, L.P. (In re*

*Middleton Arms, L.P.)*, 934 F.2d 723, 725 (6th Cir. 1991).

When determining whether to hold a creditor in contempt for violating the discharge

injunction, courts tend to utilize the standard employed when determining whether a violation of the

automatic stay was willful.  *Kanipe v. First Tenn. Bank (In re Kanipe)*, 293 B.R. 750, 755 (Bankr.

E.D. Tenn. 2002).  In that context, "[a] violation [of the automatic stay] is willful if 'the creditor deliberately carried out the prohibited act with knowledge of the debtor's bankruptcy case.'"  *In re Printup*, 264 B.R. 169, 173 (Bankr. E.D. Tenn. 2001) (quoting *Walker v. Midland Mortgage Co. (In re Medlin)*, 201 B.R. 188, 194 (Bankr. E.D. Tenn. 1996)).

As stated, there is no private cause of action for violation of the discharge injunction.  The Complaint does not mention contempt and, procedurally, a contempt action in a bankruptcy case is a contested matter initiated by the filing of a motion.  *See* FED. R. BANKR. P. 9020 ("Rule 9014 governs a motion for contempt . . . .").

The Debtor also attempts to assert a claim for filing a false proof of claim, again asking the court to assess damages under § 105(a).  As with violations of the discharge injunction, however, there is no private cause of action for filing a claim that is determined to be false.  *In re Patrick*, 344 B.R. 56, 59 (Bankr. M.D. Pa. 2005); *In re Simmons*, 224 B.R. 879, 885 (Bankr. N.D. Ill. 1998); *see also Heavrin v. Boeing Capital Corp.*, 246 F.Supp.2d 728, 731 (W.D. Ky. 2003) (alleging allegations of a private, civil cause of action under 18 U.S.C. § 152 (2005)); *In re Martin*, ___ B.R. ___, 2007 WL 5171046, at *3 (Bankr. S.D. Ga. Nov. 6, 2007) (same).  Furthermore, the Debtor alleges that the Defendant fraudulently filed this claim, but she presents no facts to evidence that the Defendant's actions were in any way fraudulent and not merely negligent.  As such, there is no set of facts that can be pled by the Debtor to afford her the requested relief, and this count shall also be dismissed.

There is additionally nothing in the record to evidence that the Debtor's counsel at any time prior to the filing of the Complaint called or wrote the Defendant requesting the withdrawal of its

claim.  It would appear that this matter might have easily been resolved had she done so.  The court

is also concerned that Plaintiff's counsel appears to have merely copied a complaint from another

jurisdiction.[3]

In summary, because the Debtor has failed to state a claim upon which relief can be granted

and has failed to plead any facts that can support a cause of action for the requested relief, the

Complaint shall be dismissed.  An order consistent with this Memorandum will be entered.

FILED:  May 22, 2008

BY THE COURT

*/s/  RICHARD STAIR, JR.*

RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE

---

[3] *See supra* n. 1. Additionally, the individual parties are referred to in the caption in the plural as "Debtors,"
"Plaintiffs" and "Defendants," there are references in the Complaint to the Plaintiff as "Plaintiffs" or "they," and, at
paragraph 32, there is a reference to the "male plaintiff's consumer credit report."